UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RED CHURCH PROPERTIES, LLC** | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | |
| | * | |

---

### NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
Hale Boggs Federal Building
500 Poydras Street
New Orleans, Louisiana 70130**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company ("State Farm") who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files this Notice of Removal of this case from the 29th Judicial District Court for the Parish of St. Charles, in the State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

State Farm files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.  The grounds for removal are as follows:

**INTRODUCTION**

1.  On August 10, 2023, Plaintiff, Red Church Properties, LLC ("Plaintiff"), filed a Petition

    for Damages ("Petition") in the 29th Judicial District Court for the Parish of St. Charles,

    State of Louisiana, entitled, *Red Church Properties, LLC v. State Farm Fire and Casualty*

    *Company,* Suit No. 92671, Division D.

2.  Plaintiff's lawsuit suit arises out of damage to their property located at 159 Longview

    Drive, Suite B, Destrehan, LA 70047 (the "Property") which allegedly sustained damage

    as a result of Hurricane Ida on August 29, 2021. Petition at ¶¶ II and III. Plaintiff asserts

    State Farm provided a policy of insurance bearing policy number 98EY96648 (the

    "Policy") providing coverage for the Property. *See id.* at ¶ I. Plaintiff alleges that it is

    entitled to damages against State Farm for its failure to adequately compensate Plaintiff for

    Coverage A pursuant to LSA - R.S. 22:1892 and LSA – R.S. 22:1973. *See id.* at ¶ VIII.

    Plaintiff further contends State Farm's actions are a breach of its duties under LSA - R.S.

    22:1892 and LSA – R.S. 22:1973 and that it breached the insurance contract. *Id.*

3.  Plaintiff contends State Farm is liable to her for damages including, but not limited to:

    additional payment of $76,754.72 less deductible for Coverage A; penalties pursuant to

    LSA – R.S. 22:1892 and LSA – R.S. 22:1973; double damages pursuant to LSA – R.S.

    22:1973; 50% penalties for failure to submit payment within thirty (30) days from proof of

    loss pursuant to LSA – R.S. 22:1892; and court costs. Petition at ¶ IX.

4.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon

    State Farm in the action bearing the caption *Red Church Properties, LLC v. State Farm*

    *Fire and Casualty Company,* Suit No. 92671, Division D in the 29th Judicial District Court

    for the Parish of St. Charles, State of Louisiana is attached hereto as **Exhibit A**.

2

5.  State Farm did not file responsive pleadings in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with the Court's Hurricane Ida Case Management Order.

## THE NOTICE OF REMOVAL IS TIMELY

6.  On August 21, 2023, a copy of the Petition was delivered to the Louisiana Secretary of State. *See* **Exhibit A – State Court Pleadings.** The Petition was subsequently served on State Farm's registered agent for service of process, Corporation Service Company, on August 24, 2023.

7.  This Notice of Removal is filed within thirty (30) days of service of the Petition on State Farm through its agent CSC on August 24, 2023.[1]

8.  Moreover, State Farm files this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1). Accordingly, the removal of this action is timely. No previous application for removal has been made.

## BASIS FOR JURISDICTION IN THIS COURT

A.  **Complete Diversity Exists Between the Parties**

9.  The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

    a.  The Petition alleges that Plaintiff is a Louisiana limited liability company. Petition at Introduction Paragraph. For purposes of diversity jurisdiction, a limited liability company takes the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Plaintiff is

---

[1]  "[T]he vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty-day removal clock." *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.,* No. 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012); see also *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, No. CIV.A. 08-902, 2008 WL 783592, at *2 (E.D. La. Mar. 25, 2008) (agreeing the 30-day time period for removal starts to run when the defendant or its agent actually receives process, not when the Secretary of State is served.)

3

a citizen of Louisiana because its member and manager, Jessie S. Babin, Jr. is an individual domiciled in Louisiana. *See* **Exhibit B – Louisiana Secretary of State Record.**

b. State Farm is a foreign insurer incorporated under the laws of the State of Illinois with its principal place of business located in Illinois. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), State Farm is a citizen of Illinois.

c. Because Plaintiff is a Louisiana citizen, and because Defendant is a citizen of a state other than Louisiana, complete diversity exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

10. Fifth Circuit jurisprudence holds that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the Petition and this Notice of Removal establish that the requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.  Plaintiff has alleged it is seeking an additional payment of **$76,754.72** less deductible for wind damages pursuant to Coverage A; penalties pursuant to LSA – R.S. 22:1892 and LSA – R.S. 22:1973; double damages pursuant to LSA – R.S. 22:1973; 50% penalties for failure to submit payment within thirty (30) days from proof of loss pursuant to LSA – R.S. 22:1892; and court costs. Petition at ¶ IX. Plaintiff's hurricane deductible is $5,000.00. Petition at ¶ V. Thus, $71,754.72 remains in dispute under Coverage A and if Plaintiff is able to meet its burden of proving that State Farm arbitrarily failed to timely pay the amounts owed, then State Farm may be liable for fifty percent of the amount owed but untimely paid – namely, an additional $35,877.36 under La. R.S. 22:1892 (B)(1) and an additional $143,509.44 under La. R.S. 22:1973(C).

12.  The combination of the amounts claimed by Plaintiff pursuant to their State Farm policy with the amount of penalties and attorney's fees exceeds $75,000.00 and satisfies the requirement for the amount in controversy under 28 U.S.C. § 1332(a).[2]

13.  Additionally, Plaintiff does not allege that the amount in controversy is below $75,000.00, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

14.  While State Farm does not concede liability or any element of damages, State Farm submits that based on the allegations in Plaintiff's Petition, evidence submitted by State Farm herein, and the absence of any assertion by Plaintiff that their damages are below the $75,000.00, it cannot be disputed that that the amount of controversy exceeds $75,000.00 exclusive of interest and costs.

---

[2] ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interests or costs."). *Chauvin v. Symetra Life Ins. Co.*, 422 F. Supp. 3d 1145, 1153 (E.D. La. Oct. 31, 2019) (Fallon, J.)

## PROCEDURE

15.   A copy of this Notice of Removal is being served on the Plaintiff and will be filed into

the record of the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.

16.   As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all

process, pleadings, and orders served upon Defendant, is attached hereto as **Exhibit A**.

17.   Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy

of this Notice as an exhibit, will be promptly filed with the Clerk of Court of the 29th

Judicial District for the Parish of St. Charles State of Louisiana, as provided by law. *See*

Notice of Filing of Notice of Removal, attached hereto as **Exhibit C.**

18.   State Farm requests a trial by jury on all issues.

19.   State Farm reserves the right to amend or supplement this Notice of Removal as

necessary.

## LIST OF PARTIES REMAINING IN ACTION

20.   Plaintiff, Red Church Properties, LLC

21.   Defendant, State Farm Fire and Casualty Company

This the 20th day of September, 2023.

Respectfully submitted:

**ADAMS AND REESE LLP**

/s/Kellen J. Mathews
Kellen J. Mathews (#31860)
E. Gregg Barrios (#20096)
Taylor M. LeDuff (#39253)
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
Email: gregg.barrios@arlaw.com
Email: kellen.mathews@arlaw.com
Email: taylor.leduff@arlaw.com

*COUNSEL FOR STATE FARM FIRE
AND CASUALTY COMPANY*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon

Plaintiff and all counsel of record in this matter as indicated below:

( **X** )   CM/ECF                     (   )   Prepaid U. S. Mail

(   )   Facsimile                    (   )   Electronic Mail

(   )   Hand Delivery

this 20th day of September, 2023.

/s/Kellen J. Mathews
Kellen J. Mathews